J-S04015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD PRICE GRIER, JR., | |
| Appellant | No. 2147 EDA 2016 |

Appeal from the Judgment of Sentence June 14, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000909-2014

BEFORE: SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 10, 2017**

Appellant, Donald Price Grier, Jr., appeals from the judgment of sentence entered on June 14, 2016, following the revocation of his probation. Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After review, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

The relevant affidavit of probable cause indicates that Appellant, who recently had been released from prison on unrelated charges, broke into a power station on August 5, 2013, in Delaware County and stole various copper items that he and a co-actor sold at a scrap yard near the

_____

[*] Former Justice specially assigned to the Superior Court.

Philadelphia airport. Affidavit of Probable Cause, 10/16/13. On April 24, 2014, Appellant entered a negotiated guilty plea to theft by unlawful taking and was sentenced in accordance with the plea agreement to a term of incarceration of six to twenty-four months, followed by one year of probation. After serving his sentence of incarceration, he violated his probation by absconding from supervision. At the **Gagnon II**[1] hearing on June 14, 2016, Appellant, represented by counsel, stipulated that he was in violation of his probation,[2] but he explained, "I just absconded because I'm not really from Pennsylvania, Your Honor. I'm from Delaware." N.T., 6/14/16, at 3, 8. The trial court resentenced Appellant to a term of incarceration of six to twenty-four months followed by one year of probation. This timely appeal followed.

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] Appellant's counsel stipulated "to the violation, as well as the recommendation as contained in the probation and parole officer's report." N.T., 6/14/16, at 3. The original recommendation "was 6 months to 23 months county, under the Delaware County Mental Health Unit with credit for time served, which would be from 4/20 [16], total 55 days." **Id**. Prior to the hearing, the Commonwealth informed counsel that the recommendation was changed to "6 to 24 months" to "turn it over to a state sentence. Due to the fact that [Appellant] would get funding through the state for his mental health issues." **Id**. at 4. The Commonwealth reiterated, "just so [defense counsel is] aware, it's not just because of the mental health treatment, it's because it was a state sentence to begin with." **Id**. at 7. Thus, the only discussion at the time of sentencing was whether the sentence imposed would be a county or state sentence. There was no objection to duration or any discretionary aspect of sentence.

On July 12, 2016, the trial court ordered the filing of a concise statement of matters complained of on appeal. Counsel timely filed a statement indicating that, pursuant to Pa.R.A.P. 1925(c)(4), he intended to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).[3] On August 18, 2016, the trial court filed a statement in which it advised that it would not file an opinion due to counsel's intention to seek to withdraw representation. We caution that the filing of a statement of intent to withdraw as counsel pursuant to *Anders* and Pa.R.A.P. 1925(c)(4) does not relieve the trial court of its duty to provide the rationale for its decision under Pa.R.A.P. 1925(a)(2). However, because Appellant has waived the issue identified by counsel in his *Anders* brief, we will not remand to the trial court for the filing of a Rule 1925(a) opinion.

Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (stating, "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

---

[3] *Anders* sets forth the requirements for counsel to withdraw from representation on direct appeal. *See also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (applying *Anders* in state court).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to [his client]; and 3) advise [his client] that he or she has the right to retain private counsel or raise additional arguments that the [client] deems worthy of the court's attention.

*Cartrette*, 83 A.3d at 1032 (citation omitted).

In addition, our Supreme Court, in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. The Supreme Court reaffirmed the principle that indigents "generally have a right to counsel on a first appeal, [but] . . . this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing such an appeal." *Id*. at 357 (citation omitted).

- 4 -

Appellant's counsel has complied with the first prong of **Santiago** by providing a summary of the procedural history in the **Anders** brief. He has complied with the second prong by referring to any evidence in the record that he believes arguably supports the appeal. Counsel also set forth his conclusion that the appeal is frivolous and stated his reasons for that conclusion, with appropriate support. Moreover, counsel filed a separate motion to withdraw as counsel, wherein he stated that he examined the record and concluded that the appeal is wholly frivolous. Further, counsel has attempted to identify and develop any issues in support of Appellant's appeal. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his motion. Counsel states that he informed Appellant that he has filed a motion to withdraw and an **Anders** brief, and he apprised Appellant of his rights in light of the motion to withdraw as counsel. Appellant has not filed any response to counsel's motion to withdraw. Thus, we conclude that the procedural and briefing requirements of **Anders** and **Santiago** for withdrawal have been met.

In the **Anders** brief, counsel presents the following issue for our review: "Whether the 6 to 24 month term of imprisonment imposed herein is harsh and excessive under the circumstances?" **Ander's** Brief at 1. Appellant's sole issue challenges the discretionary aspects of his sentence.

As this Court clarified in **Cartrette**, our scope of review following the revocation of probation is not limited solely to determining the validity of the

probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Cartrette*, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Instead, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion

- 6 -

> to reconsider and modify sentence, **see** Pa.R.Crim.P.
> [708]; (3) whether appellant's brief has a fatal
> defect, Pa.R.A.P. 2119(f); and (4) whether there is a
> substantial question that the sentence appealed from
> is not appropriate under the Sentencing Code, 42
> Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Moury**, 992 A.2d at 170 (citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)). In addition, Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Rule 708 explains:

> Issues properly preserved at the sentencing proceeding need
> not, but may, be raised again in a motion to modify sentence in
> order to preserve them for appeal. In deciding whether to move
> to modify sentence, counsel must carefully consider whether the
> record created at the sentencing proceeding is adequate for
> appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **See Commonwealth v. Parker**, 847 A.2d 745

(Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Herein, the first requirement of the four-part test is met because Appellant brought a timely appeal. However, our review of the certified record reflects that Appellant waived his challenge to the discretionary aspects of his sentence by failing to raise the claim of an excessive, harsh sentence either at the sentencing proceeding or by means of a post-sentence motion. Thus, this issue has not been properly preserved for appeal, and the record is not adequate to allow appellate review of Appellant's claim. Accordingly, we deem this issue to be waived. Moreover, after conducting an independent review of the record, we discern no non-frivolous issues overlooked by counsel. Accordingly, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2017